**Emmers Estate**

*Franklin J. Seyfert,* for accountant.
*Lewis B. Beatty, Jr.,* for objector.

DIGGINS, P. J., October 22, 1971.—Decedent, Mary C. Emmers, died testate on November 11, 1966. Decedent's will was duly probated, and letters testamentary were granted to Lennington H. Shewell, Executor. The executor-filed his first and final account, and, on January 28, 1970, this court filed its adjudication. Thereafter, in January 1971, the executor filed his schedule of distribution; on February 5, 1971, Edward Emmers, 3rd, a residuary legatee, filed objections to the said schedule of distribution. Subsequent thereto, a hearing was held before the undersigned. The matter is now ripe for determination.

The objections to the schedule of distribution, filed on behalf of the aforesaid legatee, Edward Emmers, 3rd, the objector herein, contained four objections. Counsel for the objector has advised the court that objection no. 1 has been withdrawn. The remaining objections will be discussed hereafter seriatim. It is the conclusion of the court that the remaining objections must be sustained, and that an amended schedule of distribution be filed, with leave to the objector to file objections thereto, if indicated.

Objection no. 2 requests that the executor be surcharged for the duplication of Federal income tax payments. The schedule of distribution indicates that the executor has taken credit for Federal income taxes paid on behalf of the estate on income distributed to the objector. The record indicates that, despite repeated requests, the objector was unable to obtain from the executor any information regarding the income status of these income distributions which were made to him. Consequently, the objector included these income distributions in his own personal income tax returns. Further, an analysis of the income tax returns filed on behalf of the subject estate indicates that *no* deductions were taken for that income paid to the in-

come beneficiary, Edward Emmers, 3rd, the objector herein. It seems clear that the executor has failed to take advantage of the distributions deduction allowable on fiduciary returns under the Internal Revenue Code as to those years where income was distributed to the income beneficiary. Under these circumstances, the court concludes that the executor must be surcharged to the extent that the distributions deduction was not utilized as to those years where income was distributed to the objector.

An analysis of the record and briefs discloses that the amount of the surcharge cannot be easily calculated in that the actual income tax returns, as filed, disclose tax balances due, as to three years (1967, 1968 and 1969), which are inconsistent with the amounts stated in the account and schedule of distribution. In addition, the record indicates, as to certain years, that the payment of capital gains taxes was charged against the income account; proper accounting procedure requires that the capital gains tax be charged to the principal account inasmuch as these gains accrued to the corpus of the trust fund. Further, it appears to this court that refunds may be requested from the Internal Revenue Service to the extent that the distributions deduction was not utilized in the applicable fiduciary returns.

Objection no. 3 concerns the failure of the executor to provide in the schedule of distribution for payment to the objector of 40 percent of capital gains resulting from the sale of securities. Similarly, this objection must be sustained. By her will, decedent made certain pecuniary bequests to certain of her friends and devised and bequested to her nephew, Edward Emmers, 3rd, the objector, her jewelry and residence in Drexel Hill, together with the furniture and furnishings contained therein. Further, she devised and bequeathed

to her said nephew, one-half of her residuary estate, outright. As to the remaining one-half of her residuary estate, decedent devised and bequeathed the same, in trust, to invest and reinvest the same and to dispose of the net income and principal in the following manner:

"A. To pay the net income and forty percent (40%) of any capital gains resulting from the sale of securities, unto my nephew, EDWARD EMMERS, 3rd, for and during the term of his natural life.

"B. Upon the death of my said nephew, EDWARD EMMERS, 3rd, to pay any accrued or accumulated and undistributed income together with the then remaining principal of the trust corpus to any charity or charitable organization as hereinafter defined, it being my desire that not more than Five thousand dollars ($5,000.00) be paid to any one charity."*

The record clearly indicates that the objector has not received forty percent of any capital gains resulting from the sale of securities. Counsel for the executor contends that the phrase ". . . forty per cent of any capital gains resulting from the sale of securities . . ." should be interpreted to mean 40 percent of the *net* capital gains. This contention is without merit. Patently, decedent selected her nephew, the objector, as the primary object of her bounty. This conclusion is derived from an analysis of decedent's will and the size and magnitude of her estate. Further, if decedent's will is interpreted to mean "net" capital gains, then there would be no way of determining the ultimate net capital gains until such time as the life tenant died and the trust terminated. This conclusion would

---

*Decedent thereafter listed in her will the charitable organizations to which she referred in Item Sixth (B).

frustrate the desire of decedent to pay the capital gains to her nephew as they may or might accrue. Further, if the executor's contention were adopted, it would be incumbent upon the court to superimpose a chronological time period for payment of the net gains. Thus, if the court adopted the executor's position, it would require the rewriting of decedent's will so as to specify "net" capital gains in lieu of the words "capital gains," and so as to specify the payment of the net capital gains to the income beneficiary at specified intervals, e.g., annually, semi-annually, etc. This, the court is unwilling to do, since the primary intent of testatrix, i.e. to benefit her nephew, is free from doubt; similarly, the conclusion herein achieved is fully consistent with the language and intent of decedent's will.

Counsel for the objector also calls to the attention of the court the fact that the schedule of distribution does not properly apportion the capital gains applicable to the nontrust portion of residue. It seems clear that the objector is entitled to one-half of the residue outright, including one-half of the *net* capital gains realized in connection therewith as of the time of calculation thereof. In addition, as aforesaid, it is the conclusion of this court that the objector is entitled to 40 percent of the *gross* capital gains received and to be received during his lifetime as to the trust portion of the residue.

The last objection, objection no. 4, pertains to the proper procedure necessary for recouping the overpayment of income to the income beneficiary. It appears that the executor erred in subtracting the surcharge for overpayment of income by duplicating same on the schedule of distribution. Proper accounting procedures require merely that the balance of principal be divided into two equal parts and that the overpayment of income be recouped by subtracting same from the share of the life tenant. Any variation in this regard would

be erroneous. Further, the amount of the overpayment of income as set forth in the schedule of distribution is erroneous in that the sum must be reduced to the extent that the income account is reimbursed by means of the surcharge and tax credits (for capital gains taxes) hereinabove discussed. Therefore, objection no. 4 must also be sustained.

Accordingly, the court enters the following

## DECREE

And now, October 22, 1971, upon consideration of objections to the schedule of distribution of Lennington H. Shewell, Executor, filed on behalf of Edward Emmers, 3rd, the record and briefs filed on behalf of counsel for the respective parties, and after hearing, it is ordered, adjudged and decreed that:

1. Objection no. 1 be and the same is hereby dismissed;

2. Objection nos. 2, 3, and 4 be and the same are hereby sustained;

3. The executor, Lennington H. Shewell, be and he is hereby directed to file an amended schedule of distribution in conformance with the within opinion 30 days from the date hereof; and

4. The objector, Edward Emmers, 3rd, be and he is herewith granted leave to file additional objections to the amended schedule of distribution hereinabove directed to be filed within the time limited by law.